JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LAURENCE J. GRAHAM, *et al.*,
Plaintiffs,
v.
DUPONT DE NEMOURS, INC., *et al.*,
Defendants.

Case No. 2:26-cv-00986-FLA (SKx)

**ORDER DISMISSING ACTION AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [DKTS. 18, 23, 27, 29, 31, 35, 37, 39, 42, 43, 50] AND PLAINTIFFS' MOTIONS TO REMAND [DKTS. 57, 59]**

## RULING

Before the court are Defendants'[1] eleven Motions to Dismiss, Dkts. 18, 23, 27, 29, 31, 35, 37, 39, 42, 43, and 50, and Plaintiffs Laurence J. Graham and Betty Patrick Graham's (together, "Plaintiffs") Motions to Remand the action to the Los Angeles County Superior Court, Dkts. 57, 59.

For the reasons stated herein, the court DISMISSES the action without leave to amend, as it is duplicative of previous litigation in other federal courts. The court DENIES as moot Defendants' Motions to Dismiss and Plaintiffs' Motions to Remand.

## BACKGROUND

Plaintiffs have brought the same claims asserted in this action (Case No. 2:26-cv-00986-FLA (SKx), the "Third Central District Action") on at least six occasions (collectively, the "Actions"). *See* Dkt. 1-1 at 6–293 ("FAC");[2] [3] *Graham v. DuPont De Nemours, Inc.*, Case No. 3:24-cv-01551-RFL (N.D. Cal.) (the "First Northern District Action"); *Graham v. DuPont De Nemours, Inc.*, Case No. 2:24-cv-09444-FLA (SKx) (C.D. Cal.) (the "First Central District Action"); *Graham v. DuPont de Nemours, Inc.*, Case No. 25SMCV03122 (Los Angeles County Superior Court);

---

[1] Defendants in this action are: Dupont de Nemours, Inc.; Qnity Electronics, Inc.; The Dow Chemical Company; Dow, Inc.; Corteva, Inc.; The Chemours Company; Occidental Petroleum Corporation; Iluka Resources, Inc.; Iluka Resources Limited; Tronox, LLC; Tronox Holdings PLC; Tronox Limited; Huntsman Corporation; Kronos (US), Inc.; Kronos Worldwide, Inc.; National Industrialization Company; Venator Materials, LLC; Venator Materials, PLC; Ineos Group Limited; Precision Castparts Corp.; Berkshire Hathaway Inc.; Ineos Pigments USA Inc.; INEOS Enterprises US Holdco LLC; Kinder Morgan, Inc.; Charles O. Holliday, Jr.; Hunton Andrews Kurth, LLP; Kenneth Reed Mayo; Reed Mayo Law Firm, P.C.; Hunton & Williams; Hunton & Williams LLP; J-M Manufacturing Company, Inc.; Sam Alexander; Frederick L. Pirkle; Bank of America Corporation; Iluka Resources (TN) LLC (collectively, "Defendants"). Dkt. 1-1 at 6–7.

[2] Of the six actions, this action was filed sixth in order.

[3] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

*Graham v. DuPont de Nemours, Inc.*, Case No. 3:25-cv-06296-RFL (N.D. Cal.) (the "Second Northern District Action"); *Graham v. DuPont De Nemours, Inc.*, Case No. 2:25-cv-06135-FLA (SKx) (C.D. Cal.) (the "Second Central District Action").

All six actions concern the same claims against the same core Defendants.[4] *Compare* FAC, *with* First Northern District Action, Dkt. 1 at 9–47, First Central District Action, Dkt. 1-1, and Second Central District Action, Dkt. 1-1. In each action, Plaintiffs allege Defendants engaged in a price-fixing conspiracy to deprive Plaintiffs of fair and equitable consideration under ten (10) Virginia mining leases that were entered into between Plaintiffs' ancestors and Iluka Resources, Inc.'s predecessor-in-interest in the late 1980s and early 1990s. FAC ¶¶ 6–12; First Central District Action, Dkt. 1-1 ¶¶ 3–5; First Northern District Action, Dkt. 1 ¶¶ 3–5; Second Central District Action, Dkt. 1-1 ¶¶ 4–9. Plaintiffs contend their ancestors assigned their rights to royalties under the leases to their three daughters, including a one-third interest to Plaintiff Betty Graham.[5] FAC ¶¶ 6–15; First Central District Action, Dkt. 1-1 ¶¶ 3–5; First Northern District Action, Dkt. 1 ¶¶ 3–5; Second Central District Action, Dkt. 1-2 ¶¶ 5–9. Plaintiffs seek rescission of the leases and relief under Cal. Civ. Code § 1692. FAC ¶¶ 2–15; First Central District Action, Dkt. 1-1 ¶¶ 3–6; First Northern District Action, Dkt. 1 ¶¶ 3–6; Second Central District Action, Dkt. 1-1, ¶¶ 2–9.

On December 31, 2025, Plaintiffs filed their Complaint in the Los Angeles County Superior Court. Dkt. 1-1. Defendants removed the state court action to this court on January 30, 2026. Dkt. 1. On February 11, 2025, this court dismissed, without leave to amend, the First Central District Action as duplicative of the Northern District Action. First Central District Action, Dkt. 301 at 8–9.

[4] Compared to the First and Second Central District Actions, Plaintiffs have added Defendants Bank of America Corporation and Qnity Electronics, Inc. to the Third Central District Action.

[5] The other two daughters are not parties to the Actions.

On April 8, 2025, the court presiding over the First Northern District Action dismissed Plaintiffs' claims without prejudice and without leave to amend, for failure to state a claim as to all Defendants, and also for lack of personal jurisdiction as to all Defendants except Titanium Metals Corporation, which did not move to dismiss the claims on that basis. First Northern District Action, Dkt. 202. On June 20, 2025, the court in the First Northern District Action entered judgment in Titanium Metals Corporation's favor, after Plaintiffs failed to file an amended complaint timely. *Id.*, Dkt. 212.

On January 6, 2026, this court dismissed, without leave to amend, the Second Central District Action, as duplicative of previous litigation in this court and other federal courts. Second Central District Action, Dkt. 230 at 3, 13–14. On April 27, 2026, this court declared Plaintiffs vexatious litigants. Second Central District Action, Dkt. 241 at 8–9.

## DISCUSSION

### I. Legal Standard

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Where a plaintiff files more than one suit in more than one district with similar claims, parties, and relief, a court has discretion to abate or dismiss the second action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (Dismissal is proper "when a complaint involving the same parties and issues has already been filed in another district.") (citation omitted); *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("It is enough if the two proceedings are substantially similar.") (citation and internal quotation marks omitted); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("[T]he district court did not abuse its discretion in dismissing [plaintiff's] later-filed [duplicative] complaint with prejudice."). Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint was filed previously. *Alltrade,*

*Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 624 (9th Cir. 1991); *see also Adams*, 487 F.3d at 688 ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action."); *Kehano v. Hawaii*, 202 F. App'x 208, 209 (9th Cir. 2006) (holding district courts may dismiss duplicative claims).

*Pro se* litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If a claim or complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment may require a district court to deny leave to amend).

**II. Analysis**

Plaintiffs have now asserted the same claims involving the same facts against largely the same defendants in six lawsuits, with this action being the sixth in order. *Compare* FAC, *with* First Northern District Action, Dkt. 1 at 9–47, First Central District Action, Dkt. 1-1, *and* Second Central District Action, Dkt 1-1. In the First Central District Action, this court considered and dismissed Plaintiffs' complaint without leave to amend, as the action was duplicative of the First Northern District Action. First Central District Action, Dkt. 301 at 6–9. In the Second Central District Action, this court considered and dismissed Plaintiffs' complaint without leave to amend, as the action was duplicative of the First Central District and First Northern District Actions. Second Central District Action, Dkt. 230 at 6–7. Plaintiffs assert no new cognizable facts in this sixth action. *See generally* FAC. Substantive differences between the three actions filed in this district include small variations as to the named Defendants. *Compare* FAC, *with* Second Central District Action, Dkt. 1-1, *and* First Central District Action, Dkts. 1-1, 301 at 6 (finding dismissal "warranted pursuant to

the rule against duplicative litigation in federal fora").

Accordingly, the court exercises its discretion and DISMISSES this action as duplicative of the First Central District, Second Central District, and First Northern District Actions without leave to amend.

**CONCLUSION**

For the aforementioned reasons, the court hereby ORDERS as follows:

1. This action is DISMISSED without leave to amend.
2. Defendants' Motions to Dismiss, Dkts. 18, 23, 27, 29, 31, 35, 37, 39, 42, 43, and 50 are DENIED as moot.
3. Plaintiffs' motions to remand, Dkts. 57, 59, are DENIED as moot.

IT IS SO ORDERED.

Dated: August 31, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge